UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DERRICK DELMAR BROCKS,   Case No. 17-CV-2352 (MJD/LIB)

      Petitioner,

v.   REPORT AND RECOMMENDATION

JEFF TITUS,

      Respondent.

---

This matter is before the undersigned United States Magistrate Judge on petitioner Derrick Delmar Brocks's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. (See, [Docket No. 1]). The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Brocks's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Brocks's petition for untimeliness.

Brocks was convicted of first-degree murder after a jury trial in Minnesota state court. See, State v. Brocks, 587 N.W.2d 37 (Minn. 1998). In his habeas corpus petition, Brocks challenges that conviction on two grounds, both of which are ultimately grounded in the alleged denial of effective assistance of counsel at trial. An in-depth analysis of the merits of Brocks's claims is unnecessary, however, because Brocks's petition is plainly barred by the relevant statute of limitations. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Brocks filing a habeas petition previously; (2) Brocks is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Brocks's claim is not predicated on any new factual discovery.[1]

Under § 2244(d)(1)(A), then, Brocks was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The Minnesota Supreme Court affirmed Brocks's conviction on direct appeal on December 10, 1998, and the conviction became final ninety days

---

[1] Brocks presents one of his ineffective-assistance claims     that his trial counsel acted under a conflict of interest, as the attorney had known the victim's father     as based on newly discovered evidence. (See, Petition, [Docket No. 1], 5). But Brocks raised this claim on direct appeal. See, Brocks, 587 N.W.2d at 43-44. Because the factual predicate of the claim was known to Brocks before his conviction had become final, the limitations date for his claims is established by the date that his conviction became final.

thereafter, on March 10, 1999. See, Dixon v. Wachtendorf, 758 F.3d 992, 993 (8th Cir. 2014). The limitations period for Brocks to file a federal habeas petition began running on that date, and it ended exactly one year later, on March 10, 2000. Brocks did not file his federal habeas petition until June 21, 2017, the date that he placed the petition in the prison mailing system. (See, Petition, [Docket No. 1], 15). This was plainly too late.

Brocks, however, asserts that his conviction did not become final until August 10, 2016, following the conclusion of the most recent round of post-conviction review in Minnesota state court. (Id. at 13); see, Brocks v. State, 883 N.W.2d 602 (Minn. 2016). This is incorrect. As expressly provided in § 2244(d)(1), the limitations period is triggered "by the conclusion of direct review or the expiration of the time for seeking such review." Direct review of Brocks's conviction concluded on March 10, 1999. That Brocks has since triggered collateral review of his conviction does not change the date on which direct review concluded.

It is true that, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." But § 2244(d)(2) does not restart a limitations period that has already expired. See, e.g., Jones v. Minnesota, No. 14-CV-1650 (SRN/HB), 2015 WL 672077, at *12 (D. Minn. Feb. 17, 2015) (citing Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)). Brocks did not file his first motion for post-conviction relief in state court until 2007. See, Brocks, 883 N.W.2d at 603. By that time, his conviction had been final for over 7 years, for purposes of § 2244(d)(1)(A). The subsequent filing

of (untimely) petitions for post-conviction review does not change the fact that the federal limitations period had already long ago expired.[2]

Because it is clear on the face of Brocks's habeas petition and the relevant state-court records that Brocks's petition is barred by the statute of limitations, this Court recommends that the petition be denied.

Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Brocks's current habeas corpus petition differently than it is being treated here. Brocks has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Brocks should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

---

[2]Brocks's claims for relief are not grounded in his actual innocence, and thus there is no basis for concluding that such actual innocence may act as a gateway for avoiding the limitations period. See, McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). Further, there is no reason to believe that the limitations period should be equitably tolled, as Brocks has been an active litigant in state court.

1. Petitioner Derrick Delmar Brocks's petition for a writ of habeas corpus, [Docket No. 1], be DENIED.

2. This action be DISMISSED.

3. No certificate of appealability be granted.

Dated: July 17, 2017                    s/Leo I. Brisbois
                                        Leo I. Brisbois
                                        United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).